## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 178 LOWELL STREET OPERATING COMPANY, LLC d/b/a LEXINGTON HEALTH CARE CENTER, :<br><br>Plaintiff, :<br><br>vs. :<br><br>LEXINGTON CARE & REHAB LLC d/b/a LEXINGTON CENTER FOR HEALTHCARE AND REHABILITATION and d/b/a LEXINGTON CENTER FOR NURSING AND REHABILITATION, and XYZ CORPORATIONS 1-10, :<br><br>Defendant. : | Civil Action No. |

## COMPLAINT

The plaintiff 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care Center ("Plaintiff"), by and through their undersigned attorneys, for their complaint against the defendant Lexington Care & Rehab LLC d/b/a Lexington Center for Healthcare and Rehabilitation and d/b/a Lexington Center for Nursing and Rehabilitation ("Defendant"), alleges as follows:

## NATURE OF ACTION

1.      This is an action for unfair competition and false designation of origin, and other relief arising under the service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and the statutes and common law of the Commonwealth of Massachusetts.

2.      Plaintiff is forced to bring this action in order to prevent Defendant from unlawfully using and infringing on Plaintiff's LEXINGTON HEALTH CARE CENTER mark, and misappropriating the significant goodwill and great reputation associated with Plaintiff and its mark, which Plaintiff has developed over the past decade through significant investment, effort, time and

commitment to its community.  In just a few short weeks, Defendant's infringement and unfair competition has already caused actual confusion in the community and must be stopped immediately in order to protect the public from further confusion and ensure the health and safety of the public, in particular, the patients and residents of both Plaintiff's and Defendant's healthcare and nursing home facilities.

### THE PARTIES

3.      Plaintiff 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care Center is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey, 07024. Plaintiff is a long-established provider of healthcare and rehabilitation services that operates the LEXINGTON HEALTH CARE CENTER which is a healthcare, nursing and rehabilitation facility located at 178 Lowell Street, Lexington, Massachusetts 02420.

4.      Upon information and belief, Defendant Lexington Care & Rehab d/b/a Lexington Center for Healthcare and Rehabilitation and d/b/a Lexington Center for Nursing and Rehabilitation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 374 Forest Avenue, Woodmere, New York, 11598.  Upon information and belief, Defendant is a wholly owned subsidiary of Zenith Care Health Group.  Defendant recently began opertaing the "Lexington Center for Healthcare and Rehabilitation" and/or "Lexington Center for Nursing and Rehabilitation" which is also a healthcare, nursing and rehabilitation facility located at 840 Emerson Gardens Road, Lexington, Massachusetts 02420, which facility is located less than one mile from Plaintiff's facility.

5.      Defendant is offering healthcare services under the names "Lexington Center for Healthcare and Rehabilitation" and/or "Lexington Center for Nursing and Rehabilitation" that

4663538.5

infringe on and are confusingly similar to Plaintiff's LEXINGTON HEALTH CARE CENTER mark.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (false designation of origin and unfair competition claims) because Plaintiff's claims arise under the laws of the United States, specifically under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the Commonwealth of Massachusetts because those claims are substantially related to the same acts giving rise to the federal claims.

7.      This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district, and (ii) each party does business in this judicial district.  This Court also has personal jurisdiction over Defendant under G.L. ch. 223A § 3, because Defendant has committed and continues to commit acts of service mark infringement, unfair competition and false designation of origin while using marks and names confusingly similar to Plaintiff's mark to conduct or solicit business through advertising, marketing and promoting of confusingly similar healthcare services in Massachusetts.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff's claims arise in this judicial district.

## FACTS COMMON TO ALL CLAIMS

### Plaintiff's LEXINGTON HEALTH CARE CENTER Name and Mark

9.      Plaintiff is a long-established provider of health care, nursing and rehabilitation services and operates the LEXINGTON HEALTH CARE CENTER, a 172-bed post-acute and

4663538.5

skilled health care center dedicated to providing the Lexington, Massachusetts community with the most sophisticated medical and rehabilitation technology.

10.     Plaintiff has been continuously using the LEXINGTON HEALTH CARE CENTER name and service mark, as well as its logo that states "LEXINGTON HEALTH CARE CENTER - A NURSING AND REHABILITATION CENTER" in connection with its Lexington, Massachusetts facility since 2003, and Plaintiff has priority use of this mark over Defendant who only just started using its similar names within the last month.

11.     Plaintiff has invested a tremendous amount of time, money and other resources advertising, promoting and marketing its services provided under the LEXINGTON HEALTH CARE CENTER name and mark and in building the goodwill associated with its name and mark.

12.     As a result of Plaintiff's substantial efforts, the LEXINGTON HEALTH CARE CENTER name and mark has acquired distinctiveness and substantial consumer recognition and goodwill in the greater Lexington, Massachusetts area.  The LEXINGTON HEALTH CARE CENTER name and mark has become an important source indicator which identifies the quality healthcare, nursing and rehabilitation services provided by Plaintiff.  For all of the foregoing reasons, the LEXINGTON HEALTH CARE CENTER name and mark is an exceedingly valuable asset of Plaintiff.

13.     In addition to Plaintiff's LEXINGTON HEALTH CARE CENTER name and word mark, Plaintiff has used the following logo mark for approximately ten years:



4

Plaintiff's logo mark is prominently depicted, among other places, on its facility's prominent exterior signage, on advertising and marketing materials, and on its website located at www.healthbridgemanagement.com/lexington.

14.     This logo contains not only the words "LEXINGTON HEALTH CARE CENTER" but also the words "A NURSING AND REHABILITATION CENTER."  Thus, Plaintiff's full logo mark is virtually identical to Defendant's name "Lexington Center for Nursing & Rehabilitation" as it contains all of the same words.  There is no question that the respective marks are confusingly similar and that consumer confusion, which has already occurred, will continue to occur.

**The Strength of Plaintiff's LEXINGTON HEALTH CARE CENTER Name and Mark**

15.     Plaintiff has been continuously using the name and mark LEXINGTON HEALTH CARE CENTER, as well as its logo, in connection with its facility for over ten years (since 2003).

16.     Plaintiff's facility maintains a sterling reputation as one of the finest nursing home/health care facilities in the county.

17.     In 2014, LEXINGTON HEALTH CARE CENTER received a 5 star rating and was recognized as one of America's Best Nursing Homes by the prestigious national publication U.S. News & World Report.

18.      LEXINGTON HEALTH CARE CENTER received a 5 out of 5 overall rating from The Centers for Medicare & Medicaid Services of the Department of Health and Human Services in 2013.  In addition, in 2012 Plaintiff's facility received a score of 129 (out of a possible 132 points) from the Massachusetts Department of Health Scorecard rating.  LEXINGTON HEALTH CARE CENTER has earned numerous other awards and accolades, including the following:

- Accreditation from the Joint Commission on Accreditation of Healthcare;

- Bronze Award Winner from the American Health Care Association;

- Massachusetts Pay-for-Performance Award winner - 3 Year Recipient;

- Recognition from the National Advancing Excellence Campaign;

- Clinical Excellence Award recipient from MassPro Quality Improvement Organizations; and

- American Health Care Association Clinical Initiative Recognition Program.

19.     Plaintiff maintains highly successful and mutually beneficial partnerships with several of the most prominent health care facilities in the Massachusetts area.

20.     For example, LEXINGTON HEALTH CARE CENTER is one of only a few select health care providers to have entered into a bundled payment participation agreement with Lahey Hospital & Medical Center ("Lahey") (one of the largest and most prominent hospitals in the greater Boston area).  Through this partnership, Lahey routinely refers its patients who are being discharged from its hospital but who require continuing health care to LEXINGTON HEALTH CARE CENTER.  Via this relationship with Lahey, countless patients and their families are exposed to the LEXINGTON HEALTH CARE CENTER name and mark.

21.     Plaintiff's facility has also been selected by Mount Auburn Hospital to participate in its network of Accountable Care Organizations, which arrangement results in extensive exposure for the LEXINGTON HEALTH CARE CENTER name and mark as well.

22.     Plaintiff has spent between $500,000 and $750,000 since 2003 on the advertising, promotion and marketing of its services provided under the name and mark LEXINGTON HEALTH CARE CENTER.

23.     Plaintiff routinely places advertisements on billboards throughout the greater Boston area, including a prominent billboard location near Massachusetts General Hospital (located in Boston).  Plaintiff's billboard advertisements are seen by countless consumers on a daily basis.

6

24.     Plaintiff has routinely advertised its services via advertisements placed in a prominent local newspaper (the Lexington Colonial Times) and via its website located at www.healthbridgemanagement.com/lexington.

25.     In addition, Plaintiff distributes a variety of printed marketing materials, including brochures, flyers, postcards, stationary, etc., and has distributed t-shirts bearing the LEXINGTON HEALTH CARE CENTER name and mark in connection with Plaintiff's sponsorship of community events.

26.     Plaintiff has also routinely involved itself in the local community through its sponsorship of events in and around the Lexington, Massachusetts area.  By way of example, Plaintiff has sponsored or participated in the following community events just in the past few years alone:

- Participated in a fund raising drive that helped raise over $210,000 for The One Fund in 2013;

- Sponsor for "Alzheimer's Association Walk to End Alzheimer's" in 2013;

- Sponsor for Lahey Clinic Cancer Walk and Run in 2012;

- Sponsor for Women's Leadership Council of Lahey Hospital & Medical Center "Ladies Night Out" event in 2014;

- Participated in Women's Health Forum of Lahey Health event in 2013;

- Sponsor for Mount Auburn Hospital's "Golf Classic" event in 2014;

- Sponsor for Mount Auburn Hospital's "Party of the Year" event in 2012 and 2013;

- Presented and Hosted "Overview of Clinical Programs" in conjunction with Lahey Clinic Medical Center in 2011; and

- Co-sponsored Belmont Council on Aging's "Annual Free Ice Cream Social & Mad Science Extravaganza" in 2013.

27.     As a result of Plaintiff's efforts outlined above, Plaintiff's name and mark LEXINGTON HEALTH CARE CENTER has acquired distinctiveness and substantial goodwill in the Middlesex County area.

### Defendant's Unlawful Conduct and Infringement

28.     Defendant is the owner and operator of a healthcare facility located less than one mile from Plaintiff's facility and provides substantially the identical services as Plaintiff.

29.     Until recently, that facility was owned by another entity and operated under the name Golden Living Center.  Upon information and belief, Defendant purchased the facility and formally took over the former Golden Living Center effective May 1, 2014.  Upon information and belief, it was at that time on or about May 1, 2014 that Defendant began planning to rename the facility the "Lexington Center for Healthcare and Rehabilitation."

30.     On or about May 1, 2014, Defendant began planning to use the virtually identical and confusingly similar names and marks "Lexington Center for Healthcare and Rehabilitation" and/or "Lexington Center for Nursing and Rehabilitation" in connection with Defendant's providing of healthcare and rehabilitation services that are virtually identical to the services provided by Plaintiff in the Lexington, Massachusetts area.

31.     Defendant's use of the virtually identical names and marks in connection with its providing of virtually identical services in close geographic proximity to Plaintiff's facility (less than one mile apart) has already created consumer confusion as to the source of Plaintiff's services.  Consumers and the public have and will undoubtedly continue to believe that Defendant's services provided under the name and mark "Lexington Center for Healthcare and Rehab" and/or "Lexington Center for Nursing and Rehabilitation" are connected or are one and the same with Plaintiff's services, which they are not.

8

32.     In fact, in the short period of time since Defendant began using confusingly similar names for its facility, which transition to such new names is not yet even complete, Defendant's entry into the Lexington, Massachusetts area, using these confusingly similar names and marks has created numerous instances of actual confusion among the public, employees, family members of patients, service providers and vendors.

33.     In other words, Defendant's use of the infringing names and marks has already caused, and will continue to cause, confusion, mistake and deception among the public as to the existence of an association, connection and relationship between Plaintiff and Defendant.

34.     On multiple occasions, Plaintiff has been contacted by family members asking to be connected to patients/residents at Plaintiff's facility, when in fact the person they are seeking to contact are actually patients/residents of Defendant's facility.

35.     On May 19, 2014, Plaintiff's Administrator Michael Takesian received a voicemail message from Pamela Bachrach, Director of Ombudsman program with Minuteman Senior Services, a non-profit organization that provides programs for seniors, disabled adults and caregivers, wherein Ms. Bachrach expressed her concern with Defendant's name change to Lexington Center for Healthcare and Rehabilitation which she stated was very similar to Plaintiff's name.  In that voicemail, Ms. Bachrach stated that she recently had some families "get confused over the two centers' similar names."

36.     On May 30, 2014, Donna Spaulding, a Case Manager for Lahey Hospital and Medical Center, sent an email to Alison Coates, a Licensed Social Worker at Plaintiff, and to others, stating that a potential resident was going to tour each of the email recipients' facilities in the morning to decide which one to go to and Ms. Spaulding thanked everyone for their bed offers.  In response, Ms. Coates said that Plaintiff did not offer a bed.  Ms. Spaulding responded

by saying "Oh that's right!!!  Sorry, the name is too close to you" indicating it was Defendant's facility that made the bed offer.  Later in the email chain Ms. Spaulding noted that "Yes, but in regards to GLC lex [which refers to the former name of Defendant's facility Golden Living Center – Lexington] changing its name, there should be some type of infringement clause. It is definately [*sic*] too close to healthbridge's [referring to Plaintiff] name."

37.     On June 4, 2014, an agency Certified Nursing Assistant ("CNA") arrived at the Plaintiff facility and stated she was sent by her agency to work there that day.  Plaintiff does not use agency employees, and it turned out that this CNA was supposed to be working at Defendant's facility, so Plaintiff had to redirect the CNA to Defendant's facility.

38.     Defendant's infringement of Plaintiff's marks and providing of the exact same healthcare services in Lexington, Massachusetts causes confusion as to source, sponsorship and affiliation.  Defendant is using the confusion between its marks and Plaintiff's marks to aid its goal of taking over Plaintiff's goodwill and infrastructure.

39.     Defendant has used confusingly similar marks to Plaintiff's marks in connection with the exact same services as those offered by Plaintiff, even though Defendant was well aware of Plaintiff's use of its marks.  Defendant's unauthorized use of Plaintiff's marks has and will continue to cause irreparable injuries to Plaintiff and the public by falsely associating Defendant with Plaintiff and depriving Plaintiff of the rights to its marks, harming Plaintiff's reputation and creating confusion among the public.

## Defendant's Inferior Facility and Services

40.     Defendant's healthcare facility is of a substantially inferior quality and rated much lower than Plaintiff's facility.

4663538.5

41.     While Plaintiff's facility was given a rating of five stars out of five possible stars by U.S. News and World Report and was named a Best Nursing Home in the country, Defendant's facility was given a much inferior rating of two stars out of five in the same report.

42.     The website http://nursing-homes.findthebest.com/l/6066/Lexington-Health-Care-Center gives Plaintiff's facility a rating of 95 out of 100, while Defendant's facility was given a much lower ranking of 49.

43.     In addition, Defendant is currently involved in a high profile labor dispute at its facility and has employees on strike due to pay cuts and layoffs imposed by Defendant.  The confusion resulting from the similar names could result in the public attributing Plaintiff the bad press about Defendant's facility.  Such bad press could result in economic losses to Plaintiff, and be detrimental to the goodwill and great reputation Plaintiff has worked so hard to acquire

## Public Policy Concerns

44.     Not only does Defendant's use of the confusingly similar name and mark infringe upon Plaintiff's intellectual property rights, but the use of confusingly similar names and marks raises serious public policy concerns and healthcare issues that could ultimately result in the loss of life.

45.     Not only is Plaintiff aware of consumer confusion that has already occurred, but Plaintiff has been contacted by several members of the community and local authorities (including a State Senator and emergency personnel) who have expressed concern about the potential health and safety concerns due to the similar names of Plaintiff's and Defendant's facilities.

46.     Defendant's facility is located less than one mile from Plaintiff's facility.  As both parties provide identical healthcare services, the potential damage caused by confusion between the respective names and facilities is heightened to an alarming degree.

47.     These are healthcare and nursing home facilities providing healthcare services to the sick and elderly.  In the case of a medical emergency, emergency medical technicians or other first responders need to be able to act quickly and arrive at the proper location in order to prevent potential loss of life or other serious medical complications.  Should they be forced to waste time by going to the wrong facility, the results could be catastrophic.  As such, there is a significant public interest in avoiding the potential health and safety damage caused by confusion between two competing medical facilities located so close together.

48.     Additionally, there is a great public policy concern in ensuring that the public is making well-informed medical decisions about where they will receive healthcare services or obtain healthcare and nursing home services for their loved ones.  As noted above, in the short time since Defendant commenced its name change, family members have been repeatedly calling Plaintiff's facility looking for their family members that are actually patients/residents at Defendant's facility.  Consequently, it is likely that others have been and/or will be similarly confused and believe they are putting their loved ones in Plaintiff's five-star preeminent nursing home facility, when really they are placing their family members at Defendant's inferior, lower ranked facility.

### Plaintiff's Notice to Defendant of Plaintiff's prior use of the LEXINGTON HEALTH CARE CENTER mark

49.     Less than one week after Defendant acquired ownership of its facility and just days after learning of Defendant's contemplated name change, Plaintiff, through counsel, sent Defendant a cease and desist letter dated May 7, 2014, wherein Plaintiff stated that Plaintiff is a long-established provider of health care and rehabilitation services that been continuously using the LEXINGTON HEALTH CARE CENTER name and mark in connection with its Lexington, Massachusetts facility since 2003.

50.     In the May 7, 2014 letter, Plaintiff noted that it has invested a tremendous amount of time, money and other resources advertising, promoting and marketing its services provided under the LEXINGTON HEALTH CARE CENTER name and mark, and that as a result of Plaintiff's substantial efforts, the LEXINGTON HEALTH CARE CENTER name and mark has acquired distinctiveness and substantial consumer recognition and goodwill and has become an important source indicator which identifies the quality services provided by Plaintiff.

51.     Plaintiff also noted in the May 7 letter that it discovered that Defendant was preparing to use the virtually identical and confusingly similar name and mark "Lexington Center for Healthcare and Rehab" in connection with the provision of virtually identical healthcare and rehabilitation services at a nearby facility in Lexington, Massachusetts, and Plaintiff advised that Defendant's use of the aforementioned virtually identical name and mark in connection with virtually identical services in close geographic proximity to Plaintiff's facility will invariably create consumer confusion as to the source of Defendant's services, and consumers will undoubtedly believe that Defendant's services provided under the name and mark "Lexington Center for Healthcare and Rehab" are connected or are one in the same with Plaintiff's services.  Accordingly, Plaintiff requested that Defendant cease its plans to change its name to "Lexington Center for Healthcare and Rehab" or any other confusingly similar names or marks, which planned name change had not even commenced yet.

52.     Plaintiff received no response to its May 7, 2014 letter, and accordingly sent Defendant a follow up letter dated May 19, 2014 wherein Plaintiff noted that since sending its May 7, 2014 letter there have been numerous additional instances of actual consumer confusion stemming from Defendant's use of a virtually identical name and mark in close proximity to Plaintiff's facility.

53.     On May 20, 2014, counsel for Defendant wrote to Plaintiff's counsel confirming receipt of the May 7, 2014 letter and stated that his client's name "Lexington Center for Nursing & Rehabilitation" and Plaintiff's name LEXINGTON HEALTH CARE CENTER "are not confusing."

54.     In response, Plaintiff's counsel sent Defendant's counsel a letter dated May 27, 2014 stating that it was Plaintiff's understanding that Defendant was originally using the name "Lexington Center for Healthcare and Rehab" and is now using the name "Lexington Center for Nursing & Rehabilitation."   Plaintiff stated that nevertheless, the name "Lexington Center for Nursing & Rehabilitation" is itself unacceptable and confusingly similar to Plaintiff's name and mark.   In that regard, Plaintiff noted that the logo it has been using for 10 years (discussed above) contains the words "A NURSING AND REHABILITATION CENTER."

55.     In the May 27, 2014 letter, Plaintiff reiterated that Defendant's use of similar names infringes on Plaintiff's intellectual property rights, and Plaintiff further noted that Defendant's conduct raises significant public policy concerns due to the potential damage caused by confusion between the respective names. Thus, in order to avoid the damage caused by confusion between two competing medical facilities located so close together, Plaintiff again requested that Defendant immediately discontinue the use of the name "Lexington Center for Nursing & Rehabilitation," "Lexington Center for Healthcare and Rehab" or any other names or marks confusingly similar to Plaintiff's name and mark.

56.     Despite Plaintiff's efforts to have Defendant reconsider its contemplated name change, Defendant disregarded these requests, ignored Plaintiff's prior rights in its mark, and moved forward with changing its name to Lexington Center for Nursing & Rehabilitation, which name change is still in the process of being completed.

57.     Defendant has acted with full knowledge of Plaintiff's prior ownership and use of Plaintiff's service mark, and without Plaintiff's authorization or consent.

58.     Defendant has acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in Plaintiff's service mark, and to capitalize on Plaintiff's superior reputation as a high quality provider of superior healthcare services because Defendant's facility is an inferior provider of such healthcare services.

59.     Plaintiff is in urgent need of immediate injunctive relief to bring an end to the irreparable harm caused by Defendant's use of the infringing names and marks.  Without an injunction, Defendant will undoubtedly continue to provide similar services under the confusingly similar names and marks, and will cause additional confusion in the marketplace and could result in significant health and safety implications.

### COUNT I
**(Unfair Competition And False Designation of Origin in Violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

60.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of the complaint as though fully set forth herein.

61.     Plaintiff has continuously used its mark LEXINGTON HEALTH CARE CENTER since it first began using the mark in 2003.

62.     Defendant, through its conduct as described above, has and continues to provide services in commerce using names and marks that are confusingly similar to Plaintiff's LEXINGTON HEALTH CARE CENTER name and mark.

63.     Defendant's unauthorized use of Plaintiff's marks in Lexington, Massachusetts was intended to cause, has caused and will continue to cause confusion, cause mistake and/or to deceive

as to affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's services and healthcare facility.

64.     Defendant has committed such improper acts willfully, wantonly, recklessly and with full knowledge and disregard of Plaintiff's prior use and rights in the LEXINGTON HEALTH CARE CENTER name and mark.

65.     Defendant, through its conduct described above, has engaged and continues to engage in unfair competition and false designation of origin in violation of § 43(a) the Lanham Act, 15 U.S.C. § 1125(a), and the common law of the Commonwealth of Massachusetts.

66.     Defendant's unauthorized use of Plaintiff's mark in Lexington, Massachusetts has caused and is likely to continue to cause substantial and irreparable injury to Plaintiff unless Defendant's use of the mark in the Lexington, Massachusetts is enjoined by this Court.

67.     As a result of Defendant's acts of false designations of origin and/or false descriptions or representations, Plaintiff has suffered and will continue to suffer monetary damages, loss or goodwill and serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II
### (Massachusetts State Law Service Mark Infringement)

68.     Plaintiff repeats and realleges the allegations contained in foregoing paragraphs of the complaint as though fully set forth herein.

69.     Plaintiff owns and enjoys common law rights in its trade name and service mark which are superior to any rights Defendant may claim to any similar mark.

70.     As such, Plaintiff's mark is entitled to protection under Mass. G.L. ch. 110H, § 13.

71.     Defendant's unauthorized use of Plaintiff's mark in Lexington, Massachusetts was intended to cause, has caused and will continue to cause confusion, or to cause mistake, or to

4663538.5

deceive as to affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship or approval or Defendant's healthcare services.

72.     Defendant's infringement of Plaintiff's marks has been willful, wanton, reckless and done with full knowledge and disregard of Plaintiff's prior use and rights in the LEXINGTON HEALTH CARE CENTER name and mark.

73.     Defendant's unauthorized use of Plaintiff's mark in Lexington, Massachusetts has caused and will continue to cause substantial and irreparable injury to Plaintiff's business reputation unless Defendant's use of the mark in the Lexington, Massachusetts is enjoined by this Court.

74.     Plaintiff is entitled to injunctive relief to enjoin Defendant's further use of Plaintiff's marks under Mass. G.L. ch. 110H, § 13.

## <u>COUNT III</u>
### (Massachusetts Common Law Service Mark Infringement)

75.     Plaintiff repeats and realleges the allegations contained in foregoing paragraphs of the complaint as though fully set forth herein.

76.     Plaintiff owns and enjoys common law rights in its mark which are superior to any rights Defendant may claim to any similar mark.

77.     Defendant's unauthorized use of Plaintiff's mark in connection with offering, marketing, advertising and providing the exact same healthcare services is and has been committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable goodwill in its mark that Plaintiff created through continuous usage of its mark over the past ten years.

78.     Defendant's unauthorized use of Plaintiff's mark has caused and will continue to cause confusion or mistake and will deceive consumers as to the source of origin of such services.

79.     Defendant's acts and conduct as set forth herein constitutes service mark infringement in violation of Massachusetts common law.

4663538.5

80.     Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts.

81.     Defendant's wrongful and infringing activities have intended to cause, have caused and unless enjoined by this Court will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill.

82.     Defendant's conduct as described above has been willful, wanton, reckless and in violation of Plaintiff's rights.

83.     Based on the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant from using Plaintiff's mark and to damages in an amount to be proven at trial.

## COUNT IV
### (Massachusetts Common Law Unfair Competition)

84.     Plaintiff repeats and realleges the allegations contained in foregoing paragraphs of the complaint as though fully set forth herein.

85.     Plaintiff owns and enjoys common law rights in its mark which are superior to any rights Defendant may claim to any similar mark.

86.     Plaintiff is the legal owner of its mark, has not abandoned its mark since its first use in 2003 and Plaintiff continues to use its mark.  Despite knowledge of Plaintiff's ownership interests in its mark, Defendant has intentionally used and continues to use in interstate commerce Plaintiff's mark without Plaintiff's permission.

87.     Defendant has engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich itself by misappropriating Plaintiff's rights to Plaintiff's mark and Defendant's unauthorized use of Plaintiff's mark in connection with offering, marketing, advertising and providing the exact same healthcare services is and has been committed knowingly in order to capitalize on and

misappropriate Plaintiff's valuable goodwill in its mark that Plaintiff created through continuous usage of its mark over the past ten years.

88.     Defendant's unauthorized use of Plaintiff's mark creates a false association between Defendant and Plaintiff and has caused and will continue to cause confusion or mistake and will deceive consumers as to the source, quality, and nature of Defendant's facility and services.

89.     Defendant has engaged in unfair competition by using Plaintiff's mark, associated goodwill, and other intangible rights of Plaintiff without permission in an attempt to pass off Defendant's facility and services as coming from, being sponsored by, and/or affiliated with Plaintiff.  Defendant's acts and conduct as set forth herein constitutes unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and violation of Massachusetts common law.

90.     Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts.

91.     Defendant's wrongful and unfair activities have intended to cause, have caused and unless enjoined by this Court will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill.

92.     Defendant's conduct as described above has been willful, wanton, reckless and in violation of Plaintiff's rights.

93.     Based on the foregoing, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant from using Plaintiff's mark and to damages in an amount to be proven at trial.

## COUNT V
### (Unfair Methods of Competition/Deceptive Acts or Practices in Violation of Massachusetts General Law Ch. 93A)

94.     Plaintiff repeats and realleges the allegations contained in foregoing paragraphs of the complaint as though fully set forth herein.

95.     Both Plaintiff and Defendant are engaged in trade and commerce in the Commonwealth of Massachusetts within the meaning of M.G.L. ch. 93A.

96.     The acts complained of herein in violation of M.G.L. ch. 93A occurred primarily and substantially in the Commonwealth of Massachusetts.

97.     Defendant's unauthorized use of Plaintiff's mark in connection with offering for sale, marketing, advertising and providing the exact same healthcare services as Plaintiff is and has been committed knowingly in order to capitalize on and misappropriate Plaintiff's valuable goodwill in its mark that Plaintiff created through continuous usage of its mark over the past ten years.

98.     Defendant is using the confusion between its mark and Plaintiff's mark in a coordinated attempt to take over the services, infrastructure, goodwill and reputation of Plaintiff.

99.     Defendant's acts set forth herein constitute unfair method of competition and unfair or deceptive practices in violation of M.G.L. ch. 93A, §§ 2 and 11.

100.     Defendant and/or its agents or representatives' unfair and deceptive trade practices were knowing and willful.

101.     As a result of Defendant's actions as alleged herein, Plaintiff has suffered and will continue to suffer a loss of money.

4663538.5

102.    As a result of Defendant's violations of Chapter 93A as alleged herein, Plaintiff is entitled to damages in an amount to be proven at trial, such amount to be doubled or trebled, and an award of reasonable attorney's fees and costs as provided by statute.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in its favor and against Defendant as follows:

1.    That Defendant, its officers, agents, servants, distributors, affiliates, parent companies, subsidiaries, employees, attorneys and representatives and all those in privity or acting in concert with Defendant be preliminarily and permanently enjoined and restrained from, directly or indirectly:

a)    Using, displaying, advertising, copying, imitating or infringing upon Plaintiff's LEXINGTON HEALTH CARE CENTER name and mark, or using any other trademarks or service marks similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the providing of healthcare services;

b)    Using in any other way Plaintiff's LEXINGTON HEALTH CARE CENTER name and mark or any other mark or designation so similar to Plaintiff's aforesaid service mark as to be likely to cause confusion, mistake or deception;

c)    Falsely designating the origin, sponsorship, or affiliation of Defendant's services or facility in any manner;

d)    Otherwise competing unfairly with Plaintiff in any manner;

e)    Using any words, names, logos, designs, titles or marks which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of dilution of Plaintiff's name and mark and the goodwill associated therewith;

f)      Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto; and

g)      Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

2.      That Defendant be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. 1117, Mass. G.L. ch. 93A and other applicable law because of the willful and unlawful acts as alleged herein.

3.      That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein pursuant to 15 U.S.C. § 1117, and Mass. G.L. ch. 110H, § 12 and other applicable law.

4.      That Defendant be required to deliver up for destruction all materials, including but not limited to all stationary, signs, advertisements, shopping bags, packaging, brochures, promotional materials, labels, stickers and any other written materials which bear the aforesaid infringing names and mark, together with all plates, molds, matrices and other means and materials for making or reproducing the same.

5.      That Defendant be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorney's fees and the costs of this action as provided in 15 U.S.C. § 1117, and G.L. ch. 93A and other applicable law.

6.      That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

4663538.5

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.


Respectfully Submitted,

178 LOWELL STREET OPERATING
COMPANY, LLC D/B/A LEXINGTON HEALTH
CARE CENTER, Plaintiff
By its attorneys:


*/s/ David Kluft*
David A. Kluft (BBO #658970)
Nicole Kinsley (BBO #682528)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Facsimile: (617) 832-7000
*dkluft@foleyhoag.com*

-and-

Co-counsel for Plaintiff
WOLFF & SAMSON
Ronald L. Israel, Esq.
*pro hac vice to be requested*
Melissa A. Salimbene, Esq.
*pro hac vice to be requested*
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052
(973) 325-1500
Facsimile: (973) 325-1501
*risrael@wolffsamson.com*

Dated: June 16, 2014

4663538.5