UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| 178 LOWELL STREET OPERATING COMPANY, LLC d/b/a LEXINGTON HEALTH CARE CENTER, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-12535-LTS |
| LEXINGTON CARE & REHAB LLC d/b/a LEXINGTON CENTER FOR HEALTHCARE AND REHABILITATION and d/b/a LEXINGTON CENTER FOR, NURSING AND REHABILITATION, and XYZ CORPORATIONS 1-10, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION

June 30, 2014

SOROKIN, D.J.

Plaintiff instituted this action alleging Lanham Act violations and various Massachusetts common law and statutory claims. Doc. No. 1. Plaintiff has also moved for a preliminary injunction to prevent Defendant from the use of Plaintiff's mark or any trademark or service mark similar thereto. Doc. No. 5. The Court held a hearing on Plaintiff's Motion on June 30, 2014. Although Plaintiff has filed a return of service with the Court establishing that service was made and has reported they also provided paper and email copies of the pleadings to the attorney purporting to represent Defendant, Defendant has <u>not</u> appeared in this action, filed any opposition to the pending motion, nor appeared at the Court's hearing on the motion.

After reviewing the pleadings, motion papers, and holding a hearing on the motion, the Court will allow Plaintiff's Motion for a Preliminary Injunction. Before granting a preliminary injunction, a court must consider

> (1) the likelihood of the movant's success on the merits; (2) the anticipated incidence of irreparable harm if the injunction is denied; (3) the balance of relevant equities (i.e., the hardship that will befall the nonmovant if the injunction issues contrasted with the hardship that will befall the movant if the injunction does not issue); and (4) the impact, if any, of the court's action on the public interest.

Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006).

The Court has found that (1) Plaintiff has a significant likelihood of success on the merits; (2) Defendant's continued use of the contested mark is likely to visit irreparable harm on Plaintiff; (3) the likely hardship on Defendant resulting from issuing the injunction does not outweigh the likely hardship to Plaintiff if the injunction does not issue; and (4) issuing the injunction is in the public's interest. I make these findings based upon the uncontested evidentiary record submitted by Plaintiff, which establishes, inter alia, the long use of the marks by Plaintiff, actual confusion, the substantial likelihood of confusion in the future, the limited use by Defendant of the challenged marks, and the public interest in the clear identification of health care providers. Accordingly, the Court ALLOWS Plaintiff's Motion for a Preliminary Injunction.

## ORDER

Defendant, its officers, agents, servants, distributors, affiliates, parent companies, subsidiaries, employees, attorneys and representatives, and all those in privity or acting in concert with Defendant, are hereby RESTRAINED, ENJOINED, and PREVENTED, until further order of this Court, from directly or indirectly:

(a) Using, displaying, advertising, copying, imitating, or infringing upon Plaintiff's LEXINGTON HEALTH CARE CENTER name and mark, or using any other trademarks or service marks similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks in connection with the providing of healthcare services;

(b) Using in any other way Plaintiff's LEXINGTON HEALTH CARE CENTER name and mark or any other mark or designation so similar to Plaintiff's aforesaid service mark as to be likely to cause confusion, mistake, or deception;

(c) Falsely designating the origin, sponsorship, or affiliation of Defendant's services or facility in any manner;

(d) Using any words, names, logos, designs, titles, or marks which create a likelihood of injury to the business reputation of Plaintiff or a likelihood of dilution of Plaintiff's name and mark and the goodwill associated therewith; and

(e) Using, without limitation, the names (1) LEXINGTON CENTER FOR HEALTHCARE AND REHABILITATION or (2) LEXINGTON CENTER FOR NURSING AND REHABILITATION.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge